# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Christine Bennett<br>Debtor(s) | CHAPTER 13 |
| U.S. Bank National Association, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1<br>Secured Creditor<br>vs. | NO. 19-11414 AMC<br><br>11 U.S.C. Section 362 |
| Christine Bennett<br>Debtor(s) | |
| Paul Burton<br>Co-Debtor | |
| Scott Waterman<br>Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on May 25, 2022 granting relief from the automatic stay is vacated, and the automatic stay as to Secured Creditor and the Property located at 6755 Dorel Street, Philadelphia, PA 19142 is in effect.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$112.10,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2022  at $566.24/month |
| Suspense Balance: | ($454.14) |
| **Total Post-Petition Arrears** | **$112.10** |

3. The Debtor(s) shall cure said arrearages in the following manner;

   a). Debtor shall make a full tender payment of **$112.10** on or before November 30, 2022 and thereafter;

   b). Maintenance of current monthly mortgage payments to the Secured Creditor thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Secured Creditor may file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 9, 2022

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Secured Creditor


Date: 11/14/2022

*Sharon S. Masters*
Sharon S. Masters, Esquire
Attorney for Debtor(s)

Date: 11/18/2022                                  /s/ *Ann E. Swartz, Esquire for*
                                                  Scott F. Waterman, Esquire
                                                  Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022.  However, the court retains discretion regarding entry of any further order.

**Date: November 22, 2022**

                                                  _____
                                                  Bankruptcy Judge
                                                  Ashely M. Chan