**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Christine Bennett<br>　　　　　　　　　Debtor(s) | CHAPTER 13 |
| U.S. Bank National Association, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1<br>　　　　　　　　　Movant<br>　　vs.<br>Christine Bennett<br>　　　　　　　　　Debtor(s)<br>Scott F. Waterman<br>　　　　　　　　　Trustee | NO. 19-11414 AMC<br><br>11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This stipulation here reinstates the automatic stay in regard to the property address 6755 Dorel Street, Philadelphia, PA 19142.

2. As of April 17, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,196.18.** Post -petition funds received after April 17, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

Post-Petition Payments: May 2023 through November 2023 in the amount of $589.86;
December 2023 through April 2024 in the amount of $640.62/month;
Suspense Balance:　　　　　　($135.94)
**Total Post-Petition Arrears　　$7,196.18**

3. Within thirty (30) days of the filing of this Stipulation, Debtor shall make an immediate payment to Movant for the full arrearage amount of **$7,196.18.**

4. Beginning with the payment due May 2024 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $640.62 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. <u>Debtor shall maintain payments going forward and adhere to this Stipulation until the Bankruptcy has been discharged later this year.</u>

6. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

7. In the event the payments under Section 3 above are not tendered within FIFTEEN (15) days of the due date, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 24, 2024         **/s/ Denise Carlon, Esquire**
                             Denise Carlon, Esquire
                             Attorney for Movant

Date: 5/1/2024               /s/ Sharon Masters, Esquire
                             Sharon Masters, Esquire
                             Attorney for Debtor(s)

Date: 5/2/2024               /s/ Ann E. Swartz, Esquire Staff Attorney for
                             Scott F. Waterman, Esquire
                             Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2024. However, the court retains discretion regarding entry of any further order.

                             _____
                             Bankruptcy Judge
                             Ashely M. Chan